FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★     5 1 2007     ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CRAIG WARREN,

                        Petitioner,

     -against-

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------------------X

02 CV 6477 (SJ)
05 CV 2413 (SJ)

**MEMORANDUM
AND ORDER**

MAIL TO:

CRAIG WARREN
#50239-053
Unit I-215
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Jo Ann Navickas, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

      Before the Court is a motion by Craig Warren ("Petitioner"), acting *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). For the reasons stated herein, the § 2255 Motion is DENIED.

1

## BACKGROUND

Petitioner seeks to challenge a judgment, which followed a trial by jury, convicting Petitioner of: (1) murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count One[1]); (2) assault with a dangerous weapon and threatening violence in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and (a)(4) (Counts Four and Five); (3) conspiring to obstruct commerce by robbery, obstructing commerce by robbery and committing assault with a dangerous weapon during the commission of that crime, in violation of 18 U.S.C. §§ 1959(a)(3) and 1951 (Counts Ten, Eleven); (4) conspiring and attempting to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act") (Counts Seven and Eight); and (6) using and carrying a firearm during these crimes of violence, in violation of 18 U.S.C. § 924(c) (Counts Two, Six and Nine). On December 13, 1995, this Court entered judgment sentencing Petitioner principally to consecutive sentences totaling a term of life plus eighteen hundred months.

On direct appeal,[2] Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Second Circuit. See United States v. White, No. 95-1567, 1997 WL 279972 (2d Cir. May 23, 1997).

---

[1] All references to "Counts" refer to the superseding indictment from Petitioner's criminal case, 94 CR 802.

[2] Petitioner contended on direct appeal that: (1) he was deprived of a fair trial when the government violated a court directive in offering evidence of uncharged criminal activity and when he was precluded from questioning a government witness about a prior shooting, (2) the district court erred in not allowing him to

2

On December 9, 2002, Petitioner filed the § 2255 Motion, contending: (1) the government's handling of a witness who perjured himself denied Petitioner his right to a fair trial and due process; (2) the Court improperly charged the jury with respect to the element of interstate commerce; and (3) under Bailey v. United States, 516 U.S. 137 (1995), Petitioner's firearms conviction under 18 U.S.C. § 924(c) is invalid; (4) the Court lacked jurisdiction over Counts One, Four and Five of the superseding indictment because those counts supposedly failed to charge every essential element of the respective offenses; (5) the omission of essential elements of the offenses charged in Counts One, Four and Five violated Petitioner's constitutional right to notice; (6) the Court lacked jurisdiction over Counts Five, Seven, Eight, Ten and Eleven because each count failed to charge a crime since the intended victims were not identified in the superseding indictment; (7) Petitioner's sentence on the firearms charges violated Castillo v. United States, 530 U.S. 120 (2000); (8) the same sentence also violated Blakely v. Washington, 542 U.S. 296 (2004); (9) Petitioner's convictions and the resulting sentence violated United States v. Booker, 543 U.S. 220 (2005); and (10) an additional witness perjured himself during the trial.[3]

---

call a certain witness, and (3) his sentence was excessive. White, 1997 WL 279972, at *1.

[3] Petitioner raised claims 1-3 in his original filing dated November 14, 2002. See 02 CV 6477, Docket Entry No. 1. Claims 4-6 were included as part of an amendment dated January 8, 2003. See 02 CV 6477, Docket Entry No. 4. Claim 7 was filed in a motion to amend dated August 13, 2003. See 02 CV 6477, Docket

3

# DISCUSSION[4]

## I.    Procedural Bars

### A.    *Failure to Raise Claims in Timely Manner*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended federal habeas law such that habeas petitions are now generally subject to a one-year statute of limitations. Federal habeas petitions must be filed within a one-year period, which begins to run, with certain exceptions, either after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired.[5]

---

Entry No. 8. Claim 8 was raised in Petitioner's "Notice of Supplemental Authority" dated October 31, 2004. See 02 CV 6477, Docket Entry No. 14. Claim 9 was added to a submission dated May 4, 2005, that otherwise restated claims 1-8. See 05 CV 2413, Docket Entry No. 1. This particular filing was also inadvertently assigned a new case number by the Clerk's office. Claim 10 was included in a letter from Petitioner dated June 21, 2006. See 02 CV 6477, Docket Entry No. 36.

[4] Because Petitioner is proceeding *pro se*, his submissions will be liberally construed and read to raise the strongest arguments they suggest. See, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 WL 885830, at *1 (S.D.N.Y. Apr. 26, 2004).

[5] Specifically, § 2255 states:
>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>(1) the date on which the judgment of conviction becomes final;
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

P-049

For the purposes of § 2255, when a petitioner does not file a petition for a writ of certiorari with the Supreme Court, his conviction becomes final when the period for seeking Supreme Court review expires. Clay v. United States, 537 U.S. 522, 525 (2003). The limitations period may, however, be equitably tolled in rare and exceptional circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks and citation omitted).

In this case, Petitioner's claims are time-barred because the § 2255 Motion was filed more than one year after his conviction became final and he is not entitled to equitable tolling.[6] For Petitioner, the 90-day period for him to seek Supreme Court review began on November 28, 1997, the date on which the Second Circuit denied his request for a rehearing. U.S. Sup. Ct. R. 13. His conviction became final at least as early as March 1998. Petitioner did not file his original § 2255 Motion until November 2002, well after the one-year statute of limitations passed.

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[6] The one-year statute of limitations of the AEDPA may be equitably tolled where "extraordinary or exceptional circumstances" prevented the petition from being filed in a timely manner, but only if the prisoner "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. The burden is on the petitioner to show that the Court should toll the statute of limitations. Khan v. United States, 414 F.Supp.2d 210, 216 (E.D.N.Y.2006) (citation omitted). "Examples of instances where courts have tolled the statute include 'egregious attorney misconduct, the intentional confiscation of legal papers by prison authorities, serious physical or mental illness which prevents the petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired.'" Id. (citation omitted). Petitioner has made no showing as to why this Court should equitably toll the statute of limitations.

5

In an apparent attempt to qualify for an exception to AEDPA's statute of limitations under § 2255(3), Petitioner asserts he is entitled to relief under <u>Blakely</u>, <u>Booker</u> and <u>Castillo</u>. However, these cases, all of which delve into the issue of when a fact may be found by a judge and when it must be charged in the indictment and found by a jury beyond a reasonable doubt, offer no relief to Petitioner. First, the Second Circuit has made it clear that neither <u>Blakely</u> nor <u>Booker</u> may be applied retroactively to petitioners on collateral review. <u>Green v. United States</u>, 397 F.3d 101, 102-03 (2d Cir.2005); <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir.2005) ("<u>Booker</u> is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> issued."). <u>Blakely</u> was issued June 24, 2004, while <u>Booker</u> was issued, as noted in the parenthetical immediately above, on January 12, 2005. Petitioner's judgment of conviction became final years before the opinions in <u>Blakely</u> and <u>Booker</u> were issued. Thus, Petitioner is not eligible for relief under either <u>Blakely</u> or <u>Booker</u>. Additionally, Petitioner cannot identify any Supreme Court holding that makes <u>Castillo</u> applicable to cases on collateral review, and while it does not appear the Second Circuit has ruled definitively that <u>Castillo</u> may not be applied retroactively, such a conclusion is well-warranted. <u>See, e.g., United States v. Gonzales</u>, 327 F.3d 416, 416-17 (5th Cir.2003) (holding that <u>Castillo</u> does not apply retroactively on collateral review). Thus, the Court does not find Petitioner eligible for relief under <u>Castillo</u> either.

Two of Petitioner's claims – those accusing two trial witnesses of engaging in perjury[7] – arguably could fall under the newly-discovered evidence exception contained in § 2255(4). However, to do so, Petitioner must show that the evidence purporting to demonstrate perjury could not have been discovered previously through due diligence. See 28 U.S.C. § 2255(4). He has made no such showing. Thus, the newly-discovered evidence exception is inapplicable to these two claims.[8]

Because Petitioner has failed to demonstrate he qualifies either for an exception to the statute of limitations or for equitable tolling, all claims Petitioner raises in his § 2255 Motion are denied as untimely.

---

[7] In one of Petitioner's claims brought in 2002, he alleges that Collis Mickens ("Mickens"), one of the cooperators who testified for the government, lied on the stand about his involvement in the murder of Thomas James ("James"). In another claim, submitted in 2006, Petitioner asserts that Derrick Boalds ("Boalds"), another cooperator, provided false and misleading testimony about the existence of an empty lot next to Petitioner's residence.

[8] Even if the newly-discovered evidence exception did apply, these claims are meritless. The supposed inconsistencies or falsities Petitioner raises in Mickens' and Boald's testimony relate to collateral issues. Regarding Mickens testimony, Petitioner was not on trial for James' murder, nor did Mickens even attempt to implicate Petitioner in that killing. Moreover, the report Petitioner submitted from an investigator who apparently searched for records of James' murder does not establish that James was not murdered at the time and in the manner Mickens claims he was, especially in light of the affidavit of retired detective Warren Norman, which demonstrates that James was murdered on or about January 23, 1989 in a manner similar to what Mickens described. See Norman Decl. at ¶¶ 2-3. As for Boald's testimony, whether an empty lot existed next to Petitioner's house is irrelevant to Petitioner's claims. To the extent Petitioner alleges his trial attorney was ineffective for failing to investigate the issue, his attorney's decision not to do so clearly was not unreasonable.

7

P-049

### B. Failure to Raise Claims on Direct Appeal

Even if the claims had been timely raised, Petitioner's claims would not overcome an additional procedural hurdle. Generally, a petitioner may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows either cause for the omission and prejudice resulting therefrom, or that the petitioner is "actually innocent" of the crime. Bousley v. United States, 523 U.S. 614, 622 (1998). Here, Petitioner failed to raise any of the claims in his petition on direct appeal, and he shows neither cause and prejudice for failure to do so, nor actual innocence. Thus, his claims are procedurally defaulted.[9]

---

[9] Even if Petitioner did not face insurmountable procedural hurdles, he still would not be entitled to relief on the merits with respect to the claims the Court has not addressed elsewhere in this opinion. Regarding his claim that the Court, in violation of United States v. Lopez, 514 U.S. 549 (1995), improperly charged the jury with respect to the "interstate commerce" element, the Second Circuit rejected this argument when it was raised by one of Petitioner's co-defendants on direct review. See White, 1997 WL 279972, at *2 ("Because the Hobbs Act regulates activities which, in the aggregate, have a substantial effect [on] interstate commerce, Lopez has no effect on the existing *de minimis* standard for evaluating the effect on interstate commerce in Hobbs Act cases.") (citations omitted). As part of the same decision, the Second Circuit rejected the claim, also raised by a co-defendant, that Bailey rendered this Court's firearm charge jury instructions constitutionally defective. Id. ("We agree that the district court's instructions are incorrect in light of the subsequent change in the law effected by Bailey. However, the district court did give a proper instruction on Pinkerton liability. . . . Furthermore, the instruction on 'use' that the district court gave was the functional equivalent of a 'carry' instruction, and the conviction can therefore stand based on co-conspirator Boalds's carrying of the gun in connection with the robbery attempt.") (citation omitted). Finally, Petitioner's claims asserting that the superseding indictment was fatally defective on numerous grounds are completely devoid of merit.

8

P-049

## II. Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability ("COA"). For a COA to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a COA.

## CONCLUSION

After review of the filings and relevant portions of the record, which were sufficient to dispose of this motion, the Court hereby DENIES the § 2255 Motion. The Court also DENIES the issuance of a certificate of appealability. The Clerk of the Court is directed to close both cases.

SO ORDERED.

DATED: July 26, 2007
Brooklyn, NY

/s/(SJ)
Senior United States District Judge

P-049